**JAKUB P. MEDRALA, ESQ.**
*Pro Hac Vice*
**The Medrala Law Firm, Prof. LLC**
615 S. 6th Street
Las Vegas, Nevada 89101
(702) 475-8884
(702) 938-8625 Facsimile
jmedrala@medralaw.com
*Attorney for Defendant MW Media*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC and CP Productions, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> MW MEDIA, a Foreign Corporation d/b/a Eporner.com, <br><br> Defendants. | Case No. 2:25-cv-04327-SMB <br><br> **DEFENDANT MW MEDIA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Defendant MW MEDIA ("Defendant") respectfully submits its Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") in accordance with Federal Rule of Civil Procedure ("FRCP") 12(b)(2).

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

This case presents the same jurisdictional theory that this Court has already rejected—except with even fewer alleged contacts. In *AMA Multimedia, LLC v. Wanat*,[1]

---

[1] *See AMA Multimedia, LLC v. Wanat*, No. 2:15-cv-01674-ROS, 2017 WL 5668025 (D. Ariz., Sep. 29, 2017).

1

this Court dismissed identical claims against the same website for lack of personal jurisdiction after extensive and contentious jurisdictional discovery. Plaintiffs attempt to relitigate that outcome by repackaging internet accessibility, DMCA compliance, and global DNS infrastructure as Arizona- or U.S.-directed conduct. That theory fails as a matter of law.

MW Media is a Polish civil partnership that operates a website hosted entirely in Europe, uses European registrars and DNS providers, conducts no business in the United States, owns no U.S. property, employs no U.S. personnel, and does not target Arizona or the United States. Plaintiffs' claims rest solely on the fact that the website is accessible from Arizona and that Plaintiffs feel economic harm there. Under *Calder v. Jones*, 465 U.S. 783, 787-91 (1984), this is not enough.

## II. SUMMARY OF RELEVANT FACTS

On November 18, 2025, Plaintiffs filed a Verified Complaint in the United States District Court, District of Arizona.[2] In relevant part, Plaintiffs make various jurisdictional allegations, all of which are either not true or irrelevant for jurisdictional analysis, such as:

- Creating a website marketing U.S. clientele;
- Acquiring proxy and privacy services though whoisproxy.com;
- Applying U.S. law on its website;
- Using Google, Bing, and Yahoo for analytics;

---

[2]ECF No. 1 (Verified Complaint, filed November 18, 2025).

- Maintaining a Reddit site;[3]

- Having U.S.-based users;[4]

- Being searchable in Google Trends;[5]

- Operating a <.com> domain name;[6]

- Catering to U.S. market;[7] and

- Harming the Plaintiffs in Arizona.[8]

Eporner.com is a website operated by MW Media, a civil law partnership created under the laws of the Republic of Poland. Marcin Wanat is one of the partners of MW Media S.C. The domain name <eporner.com> was registered in Poland with a Polish company Home.pl.[9] The website <eporner.com> is hosted in the Netherlands by LeaseWeb Netherlands B.V., with security backup files stored on servers located outside of the U.S. and provided by a Polish company OVH Sp.z o.o.[10] Eporner.com's primary DNS provider is LeaseWeb Netherlands B.V., and the secondary DNS provider is ipcom GmbH Austria.[11]

MW Media does not own or control any tangible assets or real property in the United States, nor does it control any bank accounts, or other similar liquid assets accounts

---

[3] *Id.* at ¶ 22.
[4] *Id.* at ¶ 23.
[5] *Id.* at ¶ 24.
[6] *Id.* at ¶¶ 25-27.
[7] *Id.* at ¶ 28.
[8] *Id.* at ¶ 29.
[9] Wanat Decl. at ¶ 8.
[10] *Id.* at ¶ 9.
[11] *Id.* at ¶ 10.

3

in the United States.[12] Defendant further does not sell or advertise goods or services to any person or company located within the United States, nor does it pay taxes there.[13]

Defendant does not do any business in the United States and is not registered to do business in the United States or hold any licenses within the country.[14] Defendant also does not have any officers, manufacturing or distribution facilities, employees, directors, or agents (except for its DMCA agent and attorney in this matter, Jakub P. Medrala, Esq.).[15] MW Media has never derived any profit from any activities in the United States, as it does not conduct any such activities within the country. Defendant further does not specifically target any services to residents of the United States.[16]

To support their allegations, Plaintiffs allege that Defendant concealed its identity through domain privacy measures.[17] That allegation is incorrect and misleading. It is standard practice for domains to conduct this sort of protection amongst websites, especially to avoid unwanted spam.[18] As a matter of fact, the Plaintiffs' counsel's website located at <ilawco.com> uses exactly the same security protection that the Plaintiffs find nefarious.[19]

---

[12] *Id.* at ¶ 11.
[13] *Id.* at ¶¶ 11-12.
[14] *Id.* at ¶ 14.
[15] *Id.* at ¶ 14-16.
[16] *Id.* at ¶ 16.
[17] ECF No. 1 at p. 2, ¶ 6 (Verified Complaint, filed November 18, 2025).
[18] *Id.* at ¶ 17.
[19] *See* https://ie.godaddy.com/whois/results.aspx?itc=dlp_domain_whois&domain=ilawco.com.

Plaintiffs also claim that, "[a]ccording to public domain name records, Defendant uses the service whoisproxy.com for the Eporner Domain Name, which has an address in Virginia."[20] Plaintiffs are mistaken. Defendant does not use whoisproxy.com, and its domain is registered with a European registrar www.home.pl.[21] It is possible that this Polish registrar with whom the Defendant contracted somehow utilizes whoisproxy.com; however, Defendant does not have information nor control over this.[22]

Defendant has a DMCA agent and voluntarily accepts DMCA notices to allow users to remove infringing content. Defendant does not use Google, Bing, or Yahoo analytics, but rather its own proprietary analytic tools that are self-hosted.[23]

Plaintiffs further allege that Defendant targets U.S. users and derives substantial traffic from the United States.[24] While users from the United States may access the internet broadly, Defendant's primary user base is located in Europe and Asia. Plaintiffs' reliance on Google Trends data does not demonstrate U.S.-directed conduct, as similar search activity exists globally.[25]

Plaintiffs also contend that Defendant avails itself of U.S. infrastructure by using the ".com" top-level domain and services provided by VeriSign.[26] This argument misunderstands how domain name systems operate. VeriSign manages DNS for ".com"

---

[20] ECF No. 1 at p. 3, ¶ 18.
[21] Wanat Decl. at ¶ 18.
[22] Id.
[23] Id. at ¶ 19.
[24] ECF No. 1 at p. 4, ¶ 23.
[25] Id. at ¶¶ 20-12.
[26] ECF No. 1 at p. 4, ¶ 25.

domains worldwide but does not sell domains or host content, and DNS is responsible solely for the domain name registry and has no connection to the Defendant's infrastructure servers. Defendant purchased its domain from a European registrar, and all website content and servers are located in Europe. The use of a globally recognized TLD does not indicate any direct contact with the State of Arizona or the United States.[27]

Plaintiffs summarize their jurisdictional allegations by stating "[t]he Eporner Website, as run by Defendant, maintains the operation and popularity of its site through use of a combination of the above listed U.S.-based services, and upon information and belief, other U.S.-based internet services. Defendant also lists U.S. Copyright law and states its intent to comply therewith on the Eporner Website. . . ."[28]

However, as stated above, Defendant's entire server infrastructure, videos, pictures, and other content are located on servers outside of the U.S. and are provided by European companies. VeriSign is responsible for managing DNS for ".com" domains that are sold around the world through foreign companies. Because of this, the website can be easily transferred to another domain, such as "eporner.eu," which Defendant also owns. This is not done because of historical reasons, however, because people simply are attached to ".com" domains. Defendant is not utilizing any U.S.-based internet services. Defendant does or may mention U.S. copyrights to allow persons to remove videos, but this in no way can subject Defendant to the U.S. jurisdiction.[29]

---

[27] Wanat Decl. ¶¶ 22-25.
[28] ECF No. 1 at p. 5, ¶ 28.
[29] Wanat Decl. ¶¶ 26-28.

6

Plaintiffs claim that "Defendant has been put on actual notice of the Works that have been posted to the Eporner Website in violation of Plaintiffs' copyrights therein through Plaintiffs' submission of DMCA notices. On some occasions, Defendant has taken down Plaintiffs' videos from the Eporner Website after the DMCA notice was sent."[30] However, this is false as Defendant removes all noticed videos.[31]

Defendant has not received DMCA notices for part of the links indicated in the Complaint; however, Defendant does sometimes receive notifications from Google, stating that it received a notice asking it to remove material from its search engine. In this case, Defendant also voluntarily removes flagged material to err on the side of caution, even if Defendant has not received an official DMCA notice. Defendant also has not received any notices from Defendant's DMCA agent, indicated in the Complaint.

### III.    LEGAL STANDARD

#### A.    *The Court Should Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction Over Defendant*

The Court does not have personal jurisdiction over Defendant. Federal Rule of Civil Procedure ("FRCP") 12(b)(2) allows a defendant to move to dismiss an action for lack of personal jurisdiction. In this case, the plaintiff has the burden of demonstrating that jurisdiction otherwise does exist. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Mere bare bones assertions of minimum contacts with the

---

[30] ECF No. 1 at p. 7, ¶ 53.
[31] Wanat Decl. ¶¶ 26-28.

forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's burden." *Fiore v. Walden*, 657 F.3d 838, 846-47 (9th Cir. 2011). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990). The law is clear that evidence submitted to establish personal jurisdiction must be admissible, in compliance with the rules of evidence. *See, e.g.*, *Travelers Cas. & Sur. Co. of Am. v. Telstar Constr. Co.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003) (citing *Hancock v. Hitt*, No. C-98-960-MMC-ARB, 1998 WL 345392, at *2 (N.D. Cal. June 9, 1998)).

If a plaintiff makes such a showing, however, it does not necessarily mean that the plaintiff may then go to trial on the merits. If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1373, at pp. 714-15 (1969). Moore, *Federal Practice* § 26.56[6], at p. 26-190 (1976). In this situation, where a plaintiff is put to his full proof, the plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). Where a plaintiff seeks to have a foreign citizen before a court in the United States, the plaintiff must meet a **higher jurisdictional threshold** than is required when

the defendant is a United States citizen. *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102 (1987)(emphasis added).

### IV. LEGAL ARGUMENT

**A. *Defendant Does Not Have Sufficient "Minimum Contacts" With Neither Arizona Nor the United States That Would Establish This Court's Jurisdiction Over It and the Exercise of Such Would Offend Traditional Notions of Fair Play and Substantial Justice***

A court's exercise of jurisdiction over a nonresident defendant violates the U.S. Constitution's Due Process Clause, unless the defendant has "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Arizona's long-arm statute is "co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Federal due process requires that a defendant have "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316. Additionally, "[t]he due process analysis under FRCP 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendants] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line, Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 462 (9th Cir. 2007). Under either the forum state or nationwide analysis, the defendant's minimum contacts can give rise to either general or specific jurisdiction.

### i. *General Jurisdiction*

General personal jurisdiction exists when a defendant's forum activities are so

substantial or continuous and systematic that the defendant may be deemed present in the forum and subject to suit over claims unrelated to its forum activities. *Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir. 1986).

In the present case, Plaintiffs do not assert jurisdictional facts implying that Defendant's activities are so continuous and systematic that Defendant is considered present in Arizona, which would give rise to general jurisdiction over Defendant. Accordingly, the primary arguments in this case focus on specific jurisdiction over Defendant, as further discussed below.

### ii. *Specific Jurisdiction*

A forum state may exercise specific personal jurisdiction over a defendant if the case arises out of certain forum-related activities. The Ninth Circuit has established a three-part test for determining whether specific jurisdiction over a defendant exists: (1) the nonresident defendant must purposefully direct its activities or consummate some transaction within the forum or a resident thereof, or perform some act by which it has purposefully availed itself of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Lake v. Lake*, 817 F.2d 1416 (9th Cir. 1987).

### (a) *Purposeful Availment and Direction*

Due Process permits the exercise of personal jurisdiction over a defendant who "purposefully direct[s]" his activities at residents of a forum, even in the "absence of

physical contacts" with the forum. *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citing *Keeton v. Hustler Mag.*, 465 U.S. 770, 774-75 (1984)). Where the claims arise out of trademark or copyright infringement, they are more akin to a tort action, and the purposeful direction is more appropriate in determining a defendants' contacts with the forum state. *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). Purposeful direction is evaluated under the "effects" test outlined in the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 787-91 (1984). The *Calder* effects test is summarized as: defendant (a) committed an intentional act, (b) expressly aimed at the forum state, (c) causing harm that the defendant knows is likely to be suffered in the forum state. *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). The *Calder* effects test "allows the assertion of personal jurisdiction over non-resident defendants whose acts 'are performed for the very purpose of having their consequences felt in the forum state.'" *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1390-91 (8th Cir. 1991) (quoting *Brainerd v. Governors of Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989)).

    In evaluating the *Calder* test here, Defendant has not performed an intentional act expressly aimed at Arizona, causing harm that Defendant knows is likely to be suffered in Arizona. Arguably, the "intentional act" here would be considered Defendant's act of simply having and holding a website, which, like all other websites, typically are available to all users across the globe. Defendant did not expressly aim or target Arizona or any specific forum, generally speaking; however, Defendant understands that its website may

be accessible to internet searches and users from other countries, including the United States. As with all websites of this sort, which allow third parties to post videos, it is possible that users may post or attempt to post allegedly copyrighted videos. However, the focus primarily rests on whether Defendant intentionally or purposefully availed itself to Arizona, which it has not. Such a case may be where and if Defendant conducted sales specifically directed or targeted toward Arizona residents, which it has not done, and/or if Defendant had an office or employees in the state/country.

Here, however, the Defendant website is not registered in Arizona nor the United States and does not have a business office within the country, as it is registered in and protected under Polish law. The majority of Defendant's clientele are based in Europe and Asia, not the United States. Defendant has not specifically established contacts with the state of Arizona, aside from internet searchers/users within the state that are not within its control, and Defendant also has not purposefully availed itself of Arizona's benefits or protections as it is registered in Poland. Defendant further has not targeted the state or country through advertisements or sales. Although Plaintiffs argue that the quantity of searches on Defendant's website deriving from Arizona is sufficient to establish minimum contacts within the state, this would offend traditional notions of fair play and substantial justice and would be inconvenient for Defendant to defend itself in Arizona or the U.S. rather than the Republic of Poland. Moreover, Defendant having a DMCA within the United States does not establish any such contacts with the state of Arizona. Accordingly, this element of the *Calder* effects test is not met, and Plaintiffs therefore do not satisfy the

burden of showing that Defendant has intentionally or purposefully availed itself to Arizona.

### (b) *Arising Out of Forum-Related Activities*

Another requirement for specific jurisdiction is that the contacts constituting purposeful availment must be one that gives rise to the current suit. This is measured in terms of "but for" causation. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 474 (9th Cir. 1995). A dispute arises out of forum-related activities if it would not have arisen "but for" those contacts. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

This requirement also is not satisfied, as there are no such intentional, purposeful contacts or activities within the state of Arizona, as discussed above. The alleged underlying claims pertain to copyright infringement by third parties that upload to Defendant's website. It is true that the alleged copyright infringement could not happen on Defendant's website had the website not existed; however, this is not the requirement, as the focus is on whether Defendant had "forum-related activities," which it did not. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Defendant's actions are not specifically targeted in Arizona, although there is a fraction of internet searchers and users that are located in Arizona. There are no specific forum-related activities, as Defendant is not registered in Arizona nor does it have a business office there. Defendant also does not conduct sales or advertising within or directed toward the state. This requirement therefore is not satisfied.

/ / /

**(c)  *Reasonableness***

The last element of specific jurisdiction is whether taking jurisdiction over the foreign national is reasonable. The exercise of jurisdiction must comport with fair play and substantial justice in order to be considered reasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). *Burger King* places upon the defendant the burden of demonstrating that jurisdiction would be unreasonable. *Id.* at 476-77.

In determining whether jurisdiction is reasonable, the Ninth Circuit considers seven factors: (1) the extent of the defendants' purposeful injection into the forum state's affairs, (2) the burden on the defendant of defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

First, the extent of Defendant's purposeful injection into the forum state's affairs is extremely slight, as the majority of Defendant's clientele is based in Europe and Asia, not the United States or Arizona. Second, the burden on Defendant in defending itself in Arizona is extremely high, as Defendant is a Poland-based party that has no ties or relation to Arizona or the United States whatsoever. Defending itself in Arizona similarly would be extremely inconvenient to Defendant, as it must hire outside counsel and possibly travel and expend additional resources and expenses. Third, the extent of the conflict with the

sovereignty of Defendant's domicile contradicts with Polish and United States laws. Fourth, Arizona does not have any significant interest in hearing this case. Fifth, the most efficient judicial resolution of the controversy is to dismiss that case from this Court, allowing Plaintiffs the opportunity to refile the lawsuit in an appropriate forum where personal jurisdiction applies under the applicable laws. Sixth, Arizona does not consider it important to Plaintiffs' interests as to convenient or effective relief, as Defendant is not domiciled here and the only connection that this matter has to the forum is the fact that Plaintiffs are incorporated here. Seventh, the existence of an alternative forum very much exists—in Poland, where Defendant is registered and essentially is deemed at home. Plaintiffs therefore do not meet this threshold.

### (iii) Rule 4(k)(2) Does Not Salvage Jurisdiction

Plaintiffs may attempt to invoke Federal Rule of Civil Procedure 4(k)(2), which permits nationwide personal jurisdiction only where (1) the claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction is consistent with due process. *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007). Rule 4(k)(2) fails because Defendant has not purposefully directed activities toward the United States as a whole. Nationwide accessibility, DMCA compliance, or reliance on globally used internet infrastructure does not establish purposeful availment of the U.S. forum. *AMA Multimedia v. Wanat*, 970 F.3d, 1201 1212 (overruled on other grounds). Accepting Plaintiffs' theory would collapse FRCP 4(k)(2) into universal jurisdiction over any foreign website, a result

the Ninth Circuit has expressly rejected. Accordingly, FRCP 4(k)(2) cannot confer jurisdiction.

## V. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss the Complaint, for lack of this Court's personal jurisdiction over the Defendant.

DATED this 31st day of December, 2025.

**The Medrala Law Firm, Prof. LLC**

/s/ Jakub P. Medrala

_____

**JAKUB P. MEDRALA, ESQ.**
*Pro Hac Vice*
615 S. 6th Street
Las Vegas, Nevada 89101
*Attorney for Defendant MW Media*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT MW MEDIA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was electronically served through the U.S. District Court CM/ECF service to the registered recipients on file.

DATED this 31st day of December, 2025.

**The Medrala Law Firm, Prof. LLC**

/s/ Jakub P. Medrala

_____
An employee of The Medrala Law Firm